# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS RENEE JACKSON,<br><br>       Plaintiff,<br><br>   v.<br><br>STILES,<br><br>       Defendant. | Case No. 1:14-cv-00752-MJS (PC)<br><br>**ORDER (1) DIRECTING PLAINTIFF TO FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE $400 FILING FEE IN FULL, and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He has neither filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 nor paid the $400 filing fee.

The Complaint is before the Court for screening.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff asserts that he was exiting the Pleasant Valley State Prison ("PVSP") medical clinic in his wheelchair at the same time that Defendant Stiles, a Licensed Vocational Nurse at PVSP, was exiting the nurse's station. Stiles pushed open the nurse's station door without looking to see if it was safe to do so. The door was flung open into Plaintiff's path of travel. Plaintiff collided with the door and his left hand was pinned against the wheelchair causing injuries for which he received treatment.

Plaintiff seeks monetary damages and a declaration that his rights have been violated.

### IV. DISCUSSION

#### A. Must Proceed In Forma Pauperis or Pay Filing Fee

Plaintiff may not proceed in this action unless, within thirty days following service of this Order, he either submits an application to proceed in forma pauperis, or he pays the $400 filing fee in full. 28 U.S.C. § 1915.

If Plaintiff submits an application to proceed in forma pauperis, he shall also within sixty (60) days thereof, submit a certified copy of his prison trust statement for the six month period immediately preceding filing of the Complaint

#### B. Eighth Amendment Deliberate Indifference

Plaintiff's allegations are the type which often are characterized as Eighth Amendment deliberate indifference claims, however the Complaint does not allege facts suggesting Defendant was deliberately indifferent to a substantial risk of serious harm to Plaintiff. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). The deliberate indifference

3

standard involves an objective and a subjective prong. First, the alleged rights violation must be, in objective terms, "sufficiently serious . . . . " *Farmer* at 834, citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Second, the prison official must "know [ ] of and disregard [ ] an excessive risk to inmate health or safety." *Id.* at 837. Nothing before the Court reflects that Stiles opened the door with any knowledge Plaintiff might be struck by it, much less that Stiles did so intentionally to harm Plaintiff or in knowing disregard of a serious risk to Plaintiff. Indeed, from the facts plead, it appears Stiles was at most careless in his/her actions.

Negligence alone is not sufficient to support an Eighth Amendment deliberate indifference claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

If Plaintiff chooses to amend, he must allege facts showing Defendant's knowing disregard of a serious risk of harm.

### C.     State Law Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1203 (9th Cir. 2003). The allegation Defendant negligently opened the door Plaintiff collided with, causing Plaintiff harm, is sufficient on screening to show these elements.

However, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he alleges facts demonstrating presentation of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§

4

905, 911.2(a), 945.4 & 950.2; *Shirk v. Vista Unified Sch. Dist.,* 42 Cal.4th 201, 209 (Cal. 2007); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. Plaintiff does not allege compliance with CTCA claim filing requirements.

Plaintiff should note that, even if he were able to show actionable state law negligence, this Court will not exercise supplemental jurisdiction over a state law claim in the absence of a cognizable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing v. National Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989). In such a case Plaintiff would be able to seek relief in state court.

If Plaintiff chooses to amend, he must allege facts showing all the above elements and satisfaction of CTCA claim filing requirements.

### D.  Declaratory Relief

Plaintiff does not need and is not entitled to declaratory relief. "[D]eclaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village,* 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington,* 759 F.2d 1353, 1357 (9th Cir. 1985).

Here, any judgment that may be entered in Plaintiff's favor will constitute a

declaration his rights were violated. Leave to amend this claim is denied.

## V.     CONCLUSIONS AND ORDER

Plaintiff may not proceed in this action unless he submits an in forma pauperis application or pays the $400 filing fee in full. The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff an application to proceed in forma pauperis and an amended civil rights complaint form,

2.     Plaintiff shall, within thirty days following service of this Order, either file the attached application to proceed in forma pauperis, completed and

signed, or pay the $400 filing fee in full,

3. If Plaintiff files an application to proceed in forma pauperis, he shall within sixty days thereof also submit a certified copy of his prison trust statement for the six month period immediately preceding filing of the Complaint,

4. Within thirty days following service of this Order, Plaintiff must also file an amended complaint curing the deficiencies identified by the Court in this Order, and

5. If Plaintiff fails to comply with this Order, the undersigned will recommend this action be dismissed.

IT IS SO ORDERED.

Dated:  June 2, 2014            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE

7