1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CURTIS RENEE JACKSON,

      Plaintiff,

    v.

STILES,

      Defendant.

**Case No.  1:14-cv-00752-MJS (PC)**

**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM
(ECF No. 12)**

**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**

**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE**

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed on May 19, 2014 pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

The First Amended Complaint is before the Court for screening.

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true,

legal conclusions are not. *Id.* at 667-68.

## III.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff claims that he was exiting the Pleasant Valley State Prison ("PVSP")

medical clinic in his wheelchair at the same time that Defendant Stiles, a Licensed

Vocational Nurse at PVSP, was exiting the nurse's station. Stiles flung open the nurse's

station door deliberately causing it to collide with Plaintiff. Plaintiff's left hand was

injured. He received treatment for his injury.

Plaintiff seeks monetary damages.

## IV.   DISCUSSION

### A.   Deliberate Indifference

The standard for deliberate indifference under the Eighth Amendment involves

an objective and a subjective prong. First, the alleged rights violation must be, in

objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511 U.S. 825, 834

(1994), citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Second, the prison official

must "know [ ] of and disregard [ ] an excessive risk to inmate health or safety." *Id.* at

837.

To prevail on an Eighth Amendment claim, the plaintiff must show either that

prison officials acted with deliberate indifference or that their conduct was so reckless

as to be tantamount to a desire to inflict harm. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th

Cir. 2011).

Here, the First Amended Complaint does not allege facts suggesting Defendant

Stiles was deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Nothing before the Court directly or circumstantially reflects that Stiles opened the door

with any knowledge Plaintiff might be struck by it, much less that Defendant did so intentionally to harm Plaintiff or in knowing disregard of a serious risk to Plaintiff. See *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (the inmate must show subjective culpability "establishing that the prison official acted either deliberately or with deliberate indifference to inmate's health or safety", which requires that official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.").

It appears that at most, Stiles was careless in his/her actions. Negligence alone is not sufficient to support an Eighth Amendment deliberate indifference claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

## B.    State Law Negligence

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "In order to establish negligence under California law, a plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock Inc.,* 349 F.3d 1191, 1203 (9th Cir. 2003). The allegation Defendant negligently opened the door Plaintiff collided with, causing Plaintiff harm, is sufficient on screening to show these elements.

However, under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he alleges facts demonstrating presentation of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Shirk v. Vista Unified Sch. Dist.,* 42 Cal.4th 201, 209 (Cal. 2007); *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir. 1995). A

plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. Plaintiff does not allege compliance with CTCA claim filing requirements.

**V.    CONCLUSIONS AND ORDER**

The First Amended Complaint does not state a claim. Plaintiff was previously advised of the deficiencies in his claims. His failure to successfully correct the noted deficiencies reasonably suggests the futility of further amendment.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's First Amended Complaint (ECF No. 12) is DISMISSED for failure to state a claim, further amendment would be futile and is denied,

2.    The action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); *Silva v. Di Vittoria*, 658 F.3d at 1009, 1098 (9th Cir. 2011), and

3.    Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated:   August 27, 2014          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE